# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TINA M. HALL, | ) | |
|        Plaintiffs, | ) | |
| vs. | ) | NO. CIV-18-301-HE |
| AMBASSADOR HOTEL COLLECTIONS, LLC, | ) | |
|        Defendant. | ) | |

## ORDER

Plaintiff Tina M. Hall, proceeding pro se, filed this sex discrimination action against Ambassador Hotel Collections, LLC. Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(1) and (12)(b)(6)[1] and plaintiff filed a motion seeking the entry of default, which the court struck due to defendant's responsive pleading. Plaintiff was directed to respond to defendant's motion by July 3, 2018. Although no response has been filed, the court must be satisfied a basis for dismissal exists. *See* Fournerat v. Wisconsin Law Review, 420 Fed. Appx 816, 819 (10th Cir. 2011) ("Under Tenth Circuit precedent, however, 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'") (quoting Issa v. Comp USA, 354 F.3d

---

[1] *When reviewing a Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that constitutes a facial attack on the complaint's allegations, the court accepts the allegations in the complaint as true.* Holt v. United States, *46 F.3d 1000, 1002 (10th Cir. 1995). When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.* Clark v. State Farm Mut. Auto. Ins. Co., *319 F.3d 1234, 1240 (10th Cir. 2003). Because plaintiff is pro se, the court has liberally construed the complaint.* Milam v. Pafford EMS, *2018 WL 1568936, at \*2 (10th Cir. March 30, 2018)*

1174, 1177 (10th Cir. 2003)). Having considered the merits of defendant's motion, the court concludes the action should be dismissed because plaintiff failed to exhaust her administrative remedies and the complaint fails to state a claim.

Plaintiff alleges in the complaint that she was sexually harassed when she applied for a position at Vast Restaurant, located in one of defendant's hotels. Defendant argues that, assuming plaintiff has based her claim on a violation of Title VII of the Civil Rights Act of 1964 or the Oklahoma Antidiscrimination Act, she has failed to exhaust her administrative remedies. That failure, it contends, is a jurisdictional bar to her lawsuit. However, the Tenth Circuit's "recent case law . . . suggests that exhaustion under Title VII is a claims-processing obligation rather than a jurisdictional requirement." Milam Pafford EMS, 2018 WL 1568936, at *2 n. 3 (10th Cir. 2018) (quoting Jones v. Needham, 856 F.3d 1284, 1289 (10th Cir. 2017)). Regardless of how it is characterized, noncompliance with the statutory exhaustion requirement under both federal and state law mandates dismissal of plaintiff's sexual harassment claim.[2]

As an alternative basis for dismissal, defendant asserts that plaintiff has failed to allege sufficient facts to state a claim. The court agrees. Plaintiff titles her complaint "Sexual harassment" and states that before she was hired the supervisor asked her for a kiss and she said no, and he then asked her for a hug. She later alleges: "[b]efore hiring on at Vast 2 [as] Banquet Server, unwelcome sexual advances, request for sexual favors, and other verbal nature." Doc. #1, p. 1. Plaintiff has not, though, alleged that a tangible

---

[2] *The OADA also imposes an exhaustion requirement on claimants. See 25 Okla. Stat. §1350(B).*

2

employment action resulted from her refusal to submit to the prospective employer's asserted sexual demands, or that she was subjected to conduct "so severe or pervasive that it create[d] an abusive working environment." Jones, 856 F.3d at 1289 (internal quotation marks omitted).[3]  In other words, plaintiff has failed to allege a plausible claim of sexual harassment.

Accordingly, defendant's motion to dismiss [Doc. #7] is **GRANTED**.  The action is dismissed without prejudice.

**IT IS SO ORDERED**

Dated this 23rd day of July, 2018.

*[signature]*

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[3] *Because the court has concluded the complaint fails to state a claim, it does not have to consider defendant's claim-splitting argument.*